# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| BRUNO MEDINA BUGARA, | CASE NO. 05 CV 0877 JM (CAB) |
|---|---|
| Petitioner, | **ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| STUART J. RYAN, Warden, | |
| Respondent. | |

On April 25, 2005, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his April 15, 2002 conviction in San Diego Superior Court for various assault and drug crimes, crimes which were found to have been committed while Petitioner was under the influence of methamphetamine. Pending before the court is the Report and Recommendation ("R&R") of the Honorable Cathy Ann Bencivengo, United States Magistrate Judge, recommending that the petition be denied. See Docket No. 25. Petitioner filed timely objections. For the reasons set forth below, the court wholly **ADOPTS** the conclusions and findings contained in the R&R, incorporated by reference herein.

The duties of the district court in connection with a magistrate judge's R&R are set forth in the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980).

/ / /

The court will now conduct a de novo review of those portions of the R&R to which Petitioner objects. In his objection papers, Petitioner essentially repeats arguments already made to the magistrate. Petitioner argues that his constitutional rights were violated when the state trial court excluded Petitioner's expert testimony on the pharmacological effects of methamphetamine on the ground that such testimony was irrelevant to the general intent crimes with which Petitioner had been charged. However, for the reasons set forth in the R&R, the exclusion of such testimony did not rise to the level of fundamental unfairness since, among other things, Petitioner was able to offer other evidence of his methamphetamine-induced state, such as the testimony of his wife/victim, the testimony of the arresting officer, and statements by a toxicologist who testified on the effects of methamphetamine on the human body. R&R at 22. Petitioner also objects to the R&R on the ground that the testimony of his wife and the toxicologist were irrelevant on the issue of mental state. Petitioner's Objections at 2. Not only is this objection inconsistent with Petitioner's original argument, see Pet. at 17 (arguing that such testimony was "properly admitted"), but, as is the case with respect to the exclusion of his expert's testimony, Petitioner fails to show that admitting this evidence was fundamentally unfair. For these reasons, Petitioner's objections lack merit.

Accordingly, the court **ADOPTS** in whole the findings and conclusion contained in the R&R. The petition is hereby **DENIED**.

**IT IS SO ORDERED.**

DATED: February 21, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: Magistrate Judge Bencivengo
All Parties